IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SUE WHITE AND RICHARD WHITE<br>Plaintiffs | § § § § § § § § | |
| VS. | | C.A. NO. 5:17-cv-00396 |
| DLJ MORTGAGE CAPITAL, INC.<br>Defendant | | |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Notice is hereby given that, pursuant to 28 U.S.C. §§1332, 1441 and 1446, Defendant DLJ Mortgage Capital, Inc. ("Defendant" or "DLJ"), through undersigned counsel, hereby removes this case from the 38th Judicial District Court of Medina County, Texas to the United States District Court for the Western District of Texas, San Antonio Division. Defendant denies the allegations in the Complaint, and files this Notice without waiving any defenses, exceptions, or obligations that may exist in its favor in state or federal court.

### I.   INTRODUCTION AND STATEMENT OF COMMENCEMENT OF ACTION

1.   On May 1, 2017, Plaintiffs Richard and Sue White ("Plaintiffs") commenced this action by filing a Petition, Cause No. 17-05-24162-CV in the 38th Judicial District Court of Medina County, Texas (the "State Court Action").[1] Defendant filed an answer to Plaintiff's Petition on May 4, 2017, in the State Court Action.[2] Pursuant to 28 U.S.C. § 1446(b) of the Federal Rules of Civil Procedure, this Notice of Removal is timely filed within thirty days of Defendant's first receipt of the initial state court pleading.

---

[1]   See Plaintiffs' Original Petition (the "Complaint"), Exhibit C-1.
[2]   See Defendant's Answer, Exhibit C-6.

2.     This matter relates to Plaintiffs' attempts to enjoin foreclosure despite the fact that Defendant obtained a previous judgment authorizing foreclosure under Cause No. 15-06-23113-CV filed in the 38th District Court of Medina County, Texas. Plaintiffs now attempt to allege that enforcement of mortgage is precluded by the statute of limitations, breach of contract and breach of an alleged covenant of good faith and fair dealing. Plaintiffs obtained an *ex parte* Temporary Restraining Order precluding foreclosure without notice to Defendant and seek additional injunctive relief precluding foreclosure as well as money damages and attorney's fees.[3]

## II.   PLEADINGS AND NOTICE TO STATE COURT

3.     True and correct copies of all process and pleadings in the State Court Action are being filed along with this Notice of Removal. Pursuant to 28 U.S.C. § 1446(d), written notice of this removal is being served on Plaintiffs and filed with the 38th Judicial District Court of Medina County, Texas.

## III.  STATEMENT OF STATUTORY BASIS FOR JURISDICTION AND VENUE

4.     This action is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. §1332(a)(1). That statute provides, in pertinent part, that "the district courts shall have the original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the State Court Action has been pending is located in this district. As discussed in detail below, this action satisfies the statutory requirements for diversity of citizenship jurisdiction.

---

[3] See the Complaint.

## IV.  DIVERSITY JURISDICTION

### A.  Citizenship of the Parties

5.  This civil action involves a controversy between citizens of different states. Plaintiffs are citizens of the State of Texas.[4]

6.  Defendant DLJ Mortgage Capital, Inc. is a corporation incorporated under the laws of New York with its principal place of business in New York. A corporation is a citizen of the state where it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88-89 (2005). Thus, DLJ is a citizen of New York for diversity purposes. 28 U.S.C. § 1332(c)(1); *Roche*, 546 U.S. 81, 88-89 (2005).

7.  Because Plaintiffs are not citizens of the same state as DLJ, the parties are completely diverse. See 28 U.S.C. § 1332(a); *Wis. Dep't of Corrections v. Schacht*, 524 U.S. 381, 388 (1998).

### B.  Amount in Controversy

8.  This case places an amount in controversy that exceeds the $75,000 threshold. The property securing the loan at issue is identified by its address of 20211 Country Scene, Helotes, Texas 78023 (the "Property").[5] Per the Medina County Appraisal District, the tax appraised value of the collateral at issue for 2016 is no less than $172,850.[6]

9.  Among other things, the Complaint purportedly seeks to enjoin Defendant from foreclosing on the Property which secured a first lien residential mortgage in default. Plaintiffs also seek money damages in the amount of $200,000 and attorney's fees.[7] In this case, it is

---

[4] See Complaint at p. 1.
[5] See Complaint at ¶ 2.
[6] See Exhibit D.
[7] See Complaint at ¶ 6a.

3

apparent from the Complaint that the jurisdictional threshold is satisfied by the request for injunctive relief alone.

10. Federal jurisdiction can be established by facts alleged in the petition for removal that support a conclusion that the amount in controversy requirement is satisfied.[8] "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."[9]

11. "[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy."[10] "[T]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented."[11] Also, where a party seeks to quiet title or undo a foreclosure, the object of the litigation is the property at issue and the amount in controversy is measured by the value of the property.[12]

12. Based on the foregoing, the amount in controversy requirement for diversity jurisdiction is satisfied.

## V.   JURY DEMAND

13. Plaintiffs have made no known jury demand in the State Court Action.

## VI.   CONCLUSION

For the foregoing reasons, Defendant asks the Court to remove this suit to the United States District Court for the Western District of Texas, San Antonio Division.

---

[8] *Menendez v. Wal-Mart Stores, Inc.*, 364 Fed.Appx. 62, 66, 2010 WL 445470, 2 (5th Cir. 2010) (unpublished) (citing *Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003)).
[9] *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S. Ct. 2434, 53 L. Ed. 2d 383 (1977).
[10] *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961).
[11] *Webb v. Investacorp, Inc.*, 89 F.3d 252 (5th Cir. 1996), citing *Leininger v. Leininger*, 705 F.2d 727 (5th Cir. 1983).
[12] See *Berry v. Chase Home Fin., LLC*, 2009 WL 2868224, at *2 (S.D. Tex. August 27, 2009).

Respectfully submitted,

HIRSCH & WESTHEIMER, P.C.

By: /s/ Michael F. Hord Jr.
    Michael F. Hord Jr.
    State Bar No. 00784294
    Federal I.D. No. 16035
    Eric C. Mettenbrink
    State Bar No. 24043819
    Federal I.D. No. 569887
    1415 Louisiana, 36th Floor
    Houston, Texas 77002
    Tel (713) 220-9182
    Fax (713) 223-9319
    mhord@hirschwest.com
    emettenbrink@hirschwest.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

On this 5th day of May 2017, I hereby certify that a true and correct copy of the foregoing Notice of Removal was served as follows:

> Oscar L. Cantu, Jr.
> Oscar Cantu, Attorney at Law, PLLC
> 1515 N. St. Mary's
> San Antonio, Texas 78215
> **Via Facsimile and Email**

    /s/ Michael F. Hord Jr.
    Michael F. Hord Jr.

20130376.20170366/2716539.1